STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE



**ENDORSED**
First Judicial District Court

APR 19 2007

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

Cause No. D101-CV-07-951

YVETTE MICHELLE ORTEGA,

      Plaintiff,

vs.

THE CITY OF SANTA FE; CITY OF SANTA FE
MAYOR DAVID COSS; CITY OF SANTA FE CITY
COUNCILORS PATTI BUSHEE, CHRIS CALVERT,
REBECCA WURZBURGER, KAREN HELDMEYER,
MIGUEL CHAVEZ, CARMICHAEL DOMINGUEZ,
MATTHEW ORTIZ and RON TRUJILLO; CITY OF
SANTA FE POLICE DEPARTMENT; CITY OF
SANTA FE POLICE CHIEF ERIC B. JOHNSON;
CITY OF SANTA FE POLICE OFFICERS TARRELL
SMITH and MARK LEWANDOWSKI; and OTHER
YET-TO-BE-IDENTIFIED EMPLOYEES OF THE
CITY OF SANTA FE,

RECEIVED

APR 20 2007

CITY ATTORNEY'S OFFICE
SANTA FE, NM

      Defendants.

## COMPLAINT FOR DEPRIVATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS, FALSE ARREST AND IMPRISONMENT, RACIAL AND GENDER DISCRIMINATION, ASSAULT AND BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT RETENTION AND FAILURE TO SUPERVISE, BREACH OF DUTY, ABUSE OF PROCESS, COVER-UP OF THE FOREGOING ILLEGAL ACTS AND OMISSIONS (PRIMA FACIE TORT), CIVIL CONSPIRACY AND VIOLATIONS OF 42 U.S. CODE, SECTION 1983

COMES NOW Plaintiff Yvette Michelle Ortega, by and through her counsel, Merit Bennett and Talia V. Kosh, of Bennett & Kosh, and for her Complaint against Defendants, states as follows:

1.     Plaintiff Yvette Michelle Ortega (hereinafter "Ms. Ortega"), at all times pertinent herein, was a twenty-one-year-old Hispanic female, residing in Santa Fe, New Mexico.

Exhibit A

2.      Defendant The City of Santa Fe (hereinafter the "City"), is a municipality of the State of New Mexico. The Defendant Mayor David Coss (hereinafter "Mayor Coss") is its mayor and Defendants Patti Bushee, Chris Calvert, Rebecca Wurzburger, Karen Heldmeyer, Miguel Chavez, Carmichael Dominguez, Matthew Ortiz and Ron Trujillo are its city councilors.

3.      Defendant City of Santa Fe Police Department (hereinafter "SFPD"), is the police department of the City of Santa Fe, and Defendant Eric B. Johnson is the Police Chief.

4.      Defendant City of Santa Fe Police Officer Tarrell Smith ("Officer Smith"), is a police officer who was, at all times material herein, acting within the course and scope of his employment with SFPD.

5.      Defendant City of Santa Fe Police Officer Mark Lewandowski ("Officer Lewandowski"), is a police officer who was, at all times material herein, acting within the course and scope of his employment with SFPD.

6.      Defendants other yet-to-be-identified-employees of the City ("Unidentified Employees"), are employees and/or independent contractors and/or investigators of the City whose identities have yet to be revealed.

**ESSENTIAL FACTS**

7.      Ms. Ortega, shortly after midnight, in the early morning hours of Sunday, April 16, 2006, was physically and sexually assaulted and battered by Officer Smith, aided and abetted by his partner, Officer Lewandowski, both Anglo. Ms. Ortega was falsely accused of battery upon a peace officer and resisting or obstructing an officer and was unlawfully arrested and placed in the Detention Center where she was further humiliated, subjected to additional inhumane and illegal mistreatment and otherwise unlawfully denied her constitutional rights.

8.    Ms. Ortega is the daughter of Steve and Joann Ortega, lifelong residents of Santa Fe. Her father is a City employee at the City's Water Treatment Plant. Ms. Ortega graduated from Santa Fe High School in 2003. Ms. Ortega has been taking medication for depression for the last two years following the death of her grandmother. Ms. Ortega has never been arrested before, nor has she ever before had any negative encounters with law enforcement. Ms. Ortega is only 5 feet, 3 inches tall, and weighs only 96 pounds.

9.    The evening of April 15, 2006, began with Ms. Ortega and other young friends going to the Catamount Bar & Grille on Water Street. Ms. Ortega infrequently drinks alcohol and never takes illicit drugs. On this particular evening, she had two Corona beers at the Catamount between 10:00 pm and 11:00 pm. She was not intoxicated.

10.    From the Catamount, Ms. Ortega and three of her friends proceeded to CK's Nightclub ("CK's") at 2841 Cerrillos Road.   Because Ms. Ortega looks young for her age, the bouncer who carded her did not believe that her New Mexico driver's license was valid. She then produced another identification card which also reflected her correct birth date of December 8, 1984. A second bouncer accused her of attempting to get a friend into the club, which, of course, wasn't true, and the second bouncer indicated he would call the police, to which Ms. Ortega agreed.

11.    Shortly thereafter, two Santa Fe police vehicles arrived at CK's and parked in the front, at the edge of Cerrillos Road. Ms. Ortega waited for them to come to the front of the club, and when they did not, she approached the two police officers and politely attempted to explain what had happened.

12.    When Ms. Ortega pointed to the bouncers standing at the front door of CK's to indicate that they were the individuals who would not accept her valid identification, **Officer Smith**

suddenly grabbed her right wrist with his left hand and her left breast with his right hand and pushed her backwards, pinning her back to his police vehicle. There was absolutely no reason for Officer Smith to take this aggressive action against a young woman far smaller than him who posed no physical threat to him whatsoever. Ms. Ortega was horrified and shocked by Officer Smith's attack, especially his deliberate grabbing of her breast, and she, without using any profanity, told him that he was sexually assaulting her and begged him to stop. With her right hand she attempted to push his hand from her left breast, to no avail.

13. Officer Smith continued to hold Ms. Ortega pinned to his vehicle for at least a full minute. He then spun her around and handcuffed her hands behind her back while he pushed the front of his body against the back side of her body, still pinning her against his vehicle. She told him she was not resisting him in any way and his mistreatment of her was unnecessary.

14. Officer Smith finally turned her around to face him. She was crying, and her long hair had stuck to her lip gloss. The second officer, Officer Lewandowski, leered and stared at Ms. Ortega's breasts while he seductively caressed her face with his hand and removed her hair from her mouth, saying, **"You don't worry about that, Sweetie."**

15. Officer Smith then told Ms. Ortega, **"Get into the fucking car!"** He then spoke to Officer Lewandowski and said, **"Isn't this assaulting a police officer and obstruction of justice?,"** soliciting Officer Lewandowski to join him in his conspiracy to illegally arrest Ms. Ortega. Ms. Ortega then sat in the rear seat of Officer Smith's police car, and with Officer Smith at the wheel, they drove away.

16. While driving, Officer Smith told Ms. Ortega that he had worked as a police officer for seven years and had come to Santa Fe from California. Ms. Ortega told him that his treatment

Page 4

of her was wrong, as she had done nothing unlawful. Officer Smith merely laughed at her and asked her if she had ever been in jail, to which she replied, "No." Officer Smith then told her, **"You're going to like jail."**

17.    Officer Smith drove Ms. Ortega to the police station at 2515 Camino Entrada. He left her alone in a small room where she was fearful and crying, as she did not understand what was happening to her. She was not allowed to call anyone. Ms. Ortega pleaded with Officer Smith to loosen the handcuffs, which were too tight on her wrists. He refused. Other officers came into the facility, and when they saw Ms. Ortega crying, they laughed at her.

18.    After a period of time, Officer Smith drove her to the Santa Fe County Detention Center on Highway 14 and left her there to be incarcerated. During the trip to the Detention Center, Officer Smith told her that no bond was being set for her and she would not be allowed out of jail. Ms. Ortega was sobbing and constantly asked him to let her make a phone call so she could call her family, but he refused.

19.    Upon her arrival at the Detention Center, Ms. Ortega was again left alone in a room until finally a male nurse came in and took her pulse and blood pressure. She told him that she was taking Zoloft for depression (she was diagnosed with mild depression two years ago following her grandmother's death), but, instead of insuring that her medication was available to her, which it was not, he commanded her, **"Strip off all your clothes!"** Then he laughed and said, **"Just kidding."**

20.    The male nurse then left her – alone, crying in the room. Sometime later, a female staff member came into the room and told Ms. Ortega to strip off all of her clothes, including her underwear. She then gave Ms. Ortega a blouse and pants that were extra-large and draped on Ms. Ortega's body. As the pants had no drawstring, Ms. Ortega had to hold them up with her hands. She

was provided with no underclothing. Ms. Ortega asked for clothing that fit and a pair of socks, but was denied this request, despite there being piles of clothing of different sizes and socks stacked in the room. Ms. Ortega, who happened to be menstruating at the time, also requested that she be provided with a sanitary napkin, but the female jailer told her there was none available. Ms. Ortega was not offered any shoes or sandals and was therefore barefoot.

21.     At one point, the female jailer took Ms. Ortega into a room where there was a male staff member and said to him, "**I have a surprise for you [referring to Ms. Ortega].**" Ms. Ortega felt degraded by this remark and by having to encounter a male jailer (as well as male police officers walking by looking at her) when she was barefoot, in ill-fitting clothes and holding up her pants.

22.     At approximately 2:20 a.m., on Easter morning, April 16, Ms. Ortega was finally permitted to make a single telephone call. She called her boyfriend who patched her through to her father, Mr. Steve Ortega. She reported that she was in jail, and no bond had been set.

23.     After making this telephone call, she was taken to a room with two bunk beds, and the jailer removed the mattresses from both beds, forcing Ms. Ortega to sleep on the cold steel frames without any pillow. She was only provided one blanket. Several hours later she was brought a styrofoam box which contained only a slice of bread, a slice of ham and a cookie, and she was told that it was her "breakfast." Even though she had not eaten since the previous evening, she was too distraught to attempt to force down this disgusting "breakfast."

24.     When "lunch" was brought to her, she also could not eat what was offered, and a jailer told her she was "suicidal." Although she was not suicidal, she was emotionally devastated by her arrest, incarceration and isolation from her family. She had been crying throughout the night and was terribly frightened by her nightmarish experience.

25.    At some point during the day, a male jailer recognized that she was suffering physical and emotional distress and was without bedding, and he brought her a mattress with a built-in pillow. When she told him she could not eat the "food" that had been served, he brought her oranges and a hamburger from Wendy's. She was unable to eat the hamburger.

26.    A female nurse examined her vital signs again (blood pressure and pulse), determined that Ms. Ortega was dehydrated and made her consume a bitter orange drink. Ms. Ortega could not drink the water from the sink faucet in her cell because it was the color of weak tea. Another female nurse remarked to Ms. Ortega, **"You do not belong in jail."**

27.    Ms. Ortega was also seen by a psychiatrist at the Detention Center on April 17 who told her, **"You don't belong here. We're going to get you out; don't worry."** A female staff member who escorted Ms. Ortega to that interview told Ms. Ortega, **"City cops are like that [sexually assault females they arrest]."**

28.    Ms. Ortega was held in jail and denied any visitation by her family for over two days. She finally was brought before Santa Fe County Magistrate Judge George Anaya, Jr., on April 18, 2006, who set bond at $5,000.00, so that her father could finally begin the process of securing her release. She was wrongfully charged by Officer Smith with "Battery Upon a Peace Officer" and "Resisting or Obstructing an Officer," which included Officer Smith's fraudulent "Statement of Probable Cause."

29.    Another young woman waiting to be arraigned for "serving alcohol to a minor," told Ms. Ortega that she had been sexually assaulted by Officer Smith two months previously. He had fondled her breast.

30.     Because Officer Smith delayed submitting his paperwork, presumably with the intent of delaying Ms. Ortega's release in order to cause Ms. Ortega to suffer additional emotional distress, Ms. Ortega was not released from the Detention Center until almost 9:00 p.m. on the night of April 18, 2006, nearly 3 days following her unlawful arrest.

31.     Eight days following Ms. Ortega's arraignment, on April 26, 2006, the First Judicial District Attorney spontaneously dismissed the criminal complaint against Ms. Ortega.

32.     Ms. Ortega was left to pick up the pieces of the emotional fallout resulting from these officers' despicable misconduct. She is still having nightmares and flashbacks of the experience. She is afraid to go out in public and is nervous being around older men. Her depression has escalated. As a result, she is seeing a psychiatrist for post-traumatic stress disorder caused by her ordeal.

33.     In July of 2006, Ms. Ortega's counsel formally provided Mayor Coss and the Santa Fe City Councilors and the other Defendants with written notice that she would be pursuing her legal claims for damages against Defendants and offered Defendants an opportunity to address her claims before litigation was commenced. In January of 2007, Ms. Ortega's counsel provided Defendants (specifically Mayor Coss and the City Councilors) with a draft copy of this Complaint. The City Attorney indicated to Ms. Ortega's attorneys that the matter was being "investigated" and Ms. Ortega's overture for an amicable resolution of her claims was being "considered." All of the Defendants knew or should have known, if they had conducted any "investigation" whatsoever, that **Defendant Officer Smith has a prior documented history of unlawfully assaulting innocent residents of Santa Fe** (Ms. Ortega discovered this prior misconduct within the last ninety days), yet he was retained by the City as a police officer, without adequate supervision or monitoring, thus

exposing other innocent Santa Fe residents, such as Ms. Ortega, to a high likelihood of suffering assault, battery, false arrest and imprisonment, unlawful discrimination and/or violation of their constitutional and statutory rights.

34.    However, instead of being accountable for the violence perpetrated against Ms. Ortega by a known perpetrator with a documented history of violently attacking innocent citizens, Defendants, without prior notice to Ms. Ortega or her attorneys, permitted and/or authorized Officer Smith to commence a criminal prosecution of Ms. Ortega in the Santa Fe County Magistrate Court on February 15, 2007, (as the "prosecutor") almost a year following her illegal arrest and incarceration.   As a result of Officer Smith's recent "prosecution" of Ms. Ortega, she has been served with a Criminal Summons charging her with BATTERY ON A POLICE OFFICER and RESISTING OR OBSTRUCTING AN OFFICER.  This belated and malicious prosecution of Ms. Ortega by the same officer who sexually and physically assaulted her was apparently approved by all Defendants and is evidence of a conspiracy, directly or tacitly orchestrated, consented to or condoned  by the City of Santa Fe, Mayor Coss, the City Councilors, the Police Chief and other unidentified employees, to cover-up and/or attempt to cloak in legitimacy the above-described illegal misconduct perpetrated against Ms. Ortega.  This belated and malicious prosecution of Ms. Ortega serves no legitimate public interest and was also deliberately, maliciously and/or recklessly undertaken or authorized with knowledge that it would consequently inflict additional emotional distress upon Ms. Ortega and her family.

35.    All of the Defendants have jointly and/or severally violated Ms. Ortega's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; Sections 4, 10, 13, 17, 18 and 23 of the New Mexico Constitution; as well as her rights to due process and to

be free from false arrest, illegal imprisonment, cruel and unusual punishment, racial and gender discrimination, malicious prosecution and cover-up of the foregoing under the laws of the United States and the State of New Mexico. As a direct consequence of the Defendants' unconstitutional and illegal actions, Ms. Ortega has suffered, and continues to suffer, severe emotional distress, economic damage, medical expenses and damage to her reputation. She hereby seeks a declaration that the Defendants have violated her rights and a consequent award of damages and attorney's fees.

## COUNT I
## DEPRIVATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS

36. Ms. Ortega hereby incorporates paragraphs 1 through 35 above as if more fully set forth herein.

37. Officers Smith and Lewandowski and the other Defendants were at all times relevant herein acting within the course and scope of their respective employment and under color of law.

38. The acts and omissions of the Defendants as described above, *i.e.*, in unreasonably and without adequate cause arresting, searching, detaining, using excessive and unwarranted force, inappropriately and sexually touching, assaulting and battering Ms. Ortega without sufficient cause and subjecting her to cruel and unusual punishment, violated Ms. Ortega's federal and state constitutional and inherent and reserved rights to liberty, due process, freedom of speech and equal protection of the law and to be free from cruel and unusual punishment as secured by United States and New Mexico Constitutions, including the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 4, 10, 13, 17, 18 and 23 of the New Mexico Constitution.

39.    As a direct result of these violations of Ms. Ortega's rights and unlawful deprivation of her personal liberty and freedom, Ms. Ortega has suffered physical, emotional and other consequential damages, including economic harm and damage to her reputation. Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

40.    Ms. Ortega is therefore entitled to recover from all Defendants, jointly and severally, all of her damages resulting from each Defendant's violation(s) of her federal and state constitutional rights and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count I, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT II
## FALSE ARREST AND IMPRISONMENT

41.    Ms. Ortega hereby incorporates paragraphs 1 through 40 above as if more fully set forth herein.

42.    Defendants falsely and without good cause arrested, detained and wrongfully imprisoned Ms. Ortega and illegally deprived her of her physical liberty, thus causing her to suffer the aforesaid damages.

43.    Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

44.     Ms. Ortega is therefore entitled to recover from all Defendants, jointly and severally, all of her damages resulting from each Defendant's violation(s) of her right to be free from false and unlawful arrest and illegal imprisonment and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count II, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT III
## RACIAL AND GENDER DISCRIMINATION

45.     Ms. Ortega hereby incorporates paragraphs 1 through 44 above as if more fully set forth herein.

46.     Under the totality of the circumstances, the behavior of the individual officers and detention facility employees in arresting, searching, assaulting, battering, detaining and imprisoning Ms. Ortega, a Hispanic female, constitutes a *prima facie* case of racial and gender discrimination in violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and Sections 4, 18 and 23 of the New Mexico Constitution.

47.     Defendants' discrimination against Ms. Ortega caused her to suffer the aforesaid damages.

48.     Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

49.    Ms. Ortega is therefore entitled to recover from all Defendants, jointly and severally, all of her damages resulting from each Defendant's violation(s) of her right to be free from illegal racial and gender discrimination and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count III, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT IV
## ASSAULT AND BATTERY

50.    Ms. Ortega hereby incorporates paragraphs 1 through 49 above as if more fully set forth herein.

51.    Officers Smith and Lewandowski, unlawfully and without Ms. Ortega's consent, illegally and offensively touched her in a threatening and sexual manner, intending to inflict upon her fear, apprehension of harm and physical and emotional injury.

52.    Said non-consensual sexual, forceful and violent touching constituted an assault and battery of Ms. Ortega's person, causing her to suffer physical and emotional harm and the consequential damages described above.

53.    Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings. They also acted within the course and scope of their employment with Defendants SFPD and the City, thus making the City and SFPD also jointly and severally liable to Ms. Ortega pursuant to the doctrine of *respondeat superior*.

54.    Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from each of these Defendant's sexual and physical assault and battery of her person and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count IV, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.    Ms. Ortega hereby incorporates paragraphs 1 through 54 above as if more fully set forth herein.

56.    Defendants, in perpetrating the unlawful mistreatment of Ms. Ortega as described above, knew or should have known and/or acted with reckless disregard for the consequences of their actions with the implicit intent that Ms. Ortega would suffer severe and extreme emotional distress as a result. Defendants also acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

57.    Ms. Ortega did, in fact, suffer severe and extreme emotional distress and other damages as described above as a direct consequence of Defendants' actions directed toward her, which acts and omissions are set forth above.

58.    Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from each of these Defendant's sexual and physical assault and battery of her person and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count V, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT VI
## NEGLIGENT RETENTION AND FAILURE TO SUPERVISE

59.    Ms. Ortega hereby incorporates paragraphs 1 through 58 above as if more fully set forth herein.

60.    When Defendants learned that Officer Smith had unlawfully assaulted one or more Santa Fe residents while on duty with the Santa Fe Police Department on one or more occasions prior to his attack upon Ms. Ortega, Defendants owed citizens such as Ms. Ortega a duty to terminate Officer Smith's employment with SFPD so that they would not be exposed to future harm. Having negligently chosen to retain Officer Smith in the employ of the City, Defendants owed citizens such as Ms. Ortega a duty to supervise, train and/or monitor Officer Smith and/or limit Officer Smith's contact and interaction with citizens of Santa Fe so that the public would not be placed at risk of harm.

61.    Defendants breached the aforesaid duties to Ms. Ortega, and such breaches of duties proximately resulted in the harm to Ms. Ortega described above.

62.    Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

63.     Ms. Ortega is therefore entitled to recover from Defendants, jointly and severally, all of her damages resulting from each of these Defendant's negligence and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count VI, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT VII
## BREACH OF DUTY

64.     Ms. Ortega hereby incorporates paragraphs 1 through 63 above as if more fully set forth herein.

65.     Mayor Coss, the City Councilors and Police Chief Johnson owe a general duty to the public, and specifically to Ms. Ortega, to insure that complaints of illegal misconduct brought against police officers are thoroughly investigated, that predator and excessively violent police officers are immediately removed from the police force when their deviant tendencies become manifest and that, with respect to Ms. Ortega, when these Defendants were given written notice of specific illegal misconduct perpetrated by Officers Smith and Lewandowski, these Defendants prudently acted upon such information so that Ms. Ortega's claims would be fairly resolved and that Officer Smith would not be permitted to re-victimize Ms. Ortega by reinstating the criminal charges against her which had been dismissed a year ago. This latter breach of duty certainly constitutes outrageous conduct, gross negligence and/or reckless indifference for the rights and feelings of a young member of our community.

66.    As a direct result of these Defendants' egregious breach of duty, owed to Ms. Ortega as a member of the public who gave these Defendants direct notice of the physical and emotional abuse perpetrated upon her by these Officers Smith and Lewandowski, Ms. Ortega has suffered additional damage and severe and extreme emotional distress. She also feels totally unsafe in her own home town.

67.    These Defendants, and their employer, the City, are therefore jointly and severally liable to Ms. Ortega for all of her actual and consequential damages.

WHEREFORE, on Count VII, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

### COUNT VIII
### ABUSE OF PROCESS

68.    Ms. Ortega hereby incorporates paragraphs 1 through 67 above as if more fully set forth herein.

69.    The Criminal Complaint filed on February 15, 2007, in Santa Fe County Magistrate Court by Defendants and the Criminal Summons issued pursuant thereto which have been served upon Ms. Ortega have been initiated by Defendants maliciously, without probable cause and solely motivated by a desire to cover-up the aforesaid illegal misconduct and to inflict emotional distress upon Ms. Ortega in retaliation for her efforts to hold Defendants accountable for their aforesaid illegal misconduct. This abuse of process is intended by Defendants to harass and harm Ms. Ortega for an improper purpose that offends justice.

70.     This unlawful and malicious abuse of the process of the courts has caused Ms. Ortega to suffer additional emotional distress and damages for which all Defendants are jointly and severally liable.

71.     Defendants, in maliciously prosecuting Ms. Ortega as described above, knew or should have known that and/or acted with reckless disregard for the consequences of their actions with the implicit intent that Ms. Ortega would suffer severe and extreme emotional distress as a result. Defendants also acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

72.     Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from the malicious prosecution and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count VIII, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT IX
## COVER-UP OF ILLEGAL MISCONDUCT (PRIMA FACIE TORT)

73.     Ms. Ortega hereby incorporates paragraphs 1 through 72 above and all paragraphs below as if more fully set forth herein.

74.     In an attempt to avoid accountability for and cover-up their unlawful misconduct, Defendants have whitewashed the investigation of the foregoing illegal acts perpetrated against Ms.

Ortega by Officers Smith and Lewandowski and have maliciously and belatedly initiated a criminal prosecution of Ms. Ortega.

75.    This unlawful cover-up has caused Ms. Ortega to suffer additional emotional distress and damages for which all Defendants are jointly and severally liable.

76.    Defendants, in perpetrating the cover-up described above, knew or should have known that and/or acted with reckless disregard for the consequences of their actions with the implicit intent that Ms. Ortega would suffer severe and extreme emotional distress as a result. Defendants also acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

77.    Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from the cover-up and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count IX, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT X
## CIVIL CONSPIRACY

78.    Ms. Ortega hereby incorporates paragraphs 1 through 77 above and all paragraphs below as if more fully set forth herein.

79.    Defendants, each with one or more of the other Defendants, have illegally conspired to cause Ms. Ortega to suffer harm by agreeing, tacitly or otherwise, to condone and/or perpetrate

the illegal misconduct described above, including, but not limited to, the malicious prosecution of Ms. Ortega and the cover-up of illegal activity.

80.    Defendants have engaged and/or participated in and/or tacitly agreed to the conduct of one or more acts in furtherance of this unlawful conspiracy, all of which have caused Ms. Ortega to suffer harm.

81.    All of the Defendants are therefore liable to Ms. Ortega for her actual and consequential damages.

82.    Defendants, in perpetrating the conspiracy described above, knew or should have known that and/or acted with reckless disregard for the consequences of their actions with the implicit intent that Ms. Ortega would suffer severe and extreme emotional distress as a result. Defendants also acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

83.    Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from their conspiracy and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on Count X, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-judgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

## COUNT XI
## VIOLATIONS OF 42 U.S. CODE, SECTION 1983

84.  Ms. Ortega hereby incorporates paragraphs 1 through 83 above as if more fully set forth herein.

85.  Defendants subjected and/or caused Ms. Ortega, a citizen of the United States, to be subjected to the deprivation of her rights, privileges and immunities secured by the Constitution and laws of the United States, as described above, and, as a direct consequence of said deprivation, Ms. Ortega has suffered the above-described injuries and damages, in violation of 42 U.S. Code, Section 1983. Defendants acted with malice, evil motive or intent and/or with reckless or callous indifference for Ms. Ortega's civil rights and feelings.

86.  Defendants' acts and/or omissions committed in the course of said deprivation of rights make the Defendants, each and every one of them, jointly and severally liable to Ms. Ortega for full redress, pursuant to 42 U.S. Code, Section 1983.

87.  Ms. Ortega is therefore entitled to recover from these Defendants, jointly and severally, all of her damages resulting from each of these Defendant's sexual and physical assault and battery of her person and her attorney's fees incurred in pursuing and collecting same.

WHEREFORE, on count XI, Ms. Ortega prays for judgment against all Defendants, jointly and severally, for her actual and compensatory damages, for punitive damages, costs, pre- and post-

udgment interest, attorneys' fees and for such other and further relief as the Court shall deem to be just and proper.

Respectfully submitted,

BENNETT & KOSH

By _____
Merit Bennett
Talia V. Kosh
Attorneys for Plaintiff
460 St. Michael's Drive, Ste. 703
Santa Fe, New Mexico 87505
(505) 983-9834

**ACKNOWLEDGMENT OF SERVICE OF COMPLAINT ON BEHALF OF
DEFENDANTS CITY OF SANTA FE, DAVID COSS, PATTI BUSCHEE, CHRIS
CALVERT, REBECCA WURZBURGER, KAREN HELDMEYER, MIGUEL CHAVEZ,
CARMICHAEL DOMINGUEZ, MATTHEW ORTIZ, RON TRUJILLO,
SANTA FE POLICE DEPARTMENT, ERIC B. JOHNSON,
TARRELL SMITH, AND MARK LEWANDOWSKI**

FRENCH & ASSOCIATES, P.C. (Stephen G. French and Robert W. Becker, appearing)

hereby acknowledges Service of the Complaint for Deprivation of Federal and State constitutional

Rights, False Arrest and Imprisonment, Racial and Gender Discrimination, Assault and Battery,

Intentional Infliction of Emotional Distress, Negligent Retention and Failure to Supervise, Breach

of Duty, Abuse of Process, Cover-up of the Foregoing Illegal Acts and Omissions (Prima Facie

Tort), Civil Conspiracy and Violations of 42 U.S. Code, Section 1983 in the above-referenced cause

of action on behalf of Defendants City of Santa Fe, David Coss, Patti Buschee, Chris Calvert,

Rebecca Wurzburger, Karen Heldmeyer, Miguel Chavez, Carmichael Dominguez, Matthew Ortiz,

Ron Trujillo, Santa Fe Police Department, Eric B. Johnson, Tarrell Smith, and Mark Lewandowski

on this 9th day of May, 2007.

> FRENCH & ASSOCIATES, P.C.
> Electronically filed
> By:   /s/  Robert W. Becker, Attorney
> STEPHEN G. FRENCH
> ROBERT W. BECKER
> 500 Marquette NW, Ste. 500
> Albuquerque, New Mexico 87102
> (505) 843-7075 / 243-3482 fax
> Attorneys for Defendants City of Santa Fe,
> David Coss, Pat ti Buschee, Chris Calvert,
> Rebecca Wurzburger, Karen Heldmeyer,
> Miguel Chavez, Carmichael Dominguez,
> Matthew Ortiz, Ron Trujillo, Santa Fe Police
> Department, Eric B. Johnson, Tarrell Smith,
> and Mark Lewandowski

EXHIBIT B

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| YVETTE MICHELLE ORTEGA | THE CITY OF SANTA FE; ET AL., |

**(b)** County of Residence of First Listed Plaintiff   Santa Fe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Santa Fe
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Merit Bennett, Esq. and Talia V. Kosh, Esq.
Bennett & Kosh
460 St. Michael's Drive, Ste. 703
Santa Fe, NM  87505   (505) 983-9834

Attorneys (If Known)

Stephen G. French, Esq. / Robert W. Becker, Esq.
French & Associates, P.C.
500 Marquette NW, Ste. 500
Albuquerque, NM 87102  (505) 843-7075

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

x 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | X 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

X 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal under 28 U.S.C. §1331, 1441 and 1446

Brief description of cause:
Fourth Amendment violations and pendent state law claims arising out of arrest

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unliquidated

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   x No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
May 9 , 2007

SIGNATURE OF ATTORNEY OF RECORD
Robert W. Becker

ROBERT W. BECKER

FOR OFFICE USE ONLY

*EXHIBIT C.*